J-S54025-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BLAISE P. TUNSTALL | |
| Appellant | No. 165 WDA 2017 |

Appeal from the PCRA Order December 13, 2016
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000145-2013

BEFORE:  OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:          FILED NOVEMBER 17, 2017

Blaise P. Tunstall appeals pro se from the December 13, 2016 order entered in the Mercer County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

The PCRA court summarized the factual and procedural history of this matter as follows:

> [Tunstall] pled guilty to aggravated indecent assault[1] on July 2, 2013. On November 21, 2013, the Court imposed a sentence of five to ten years incarceration based on a mandatory/minimum sentencing provision[] of 42 Pa. C.S.A. § 9718(a). (Sentences for offenses against infant persons). [Tunstall] did not file a direct appeal. Accordingly,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3125(a)(1).

for purposes of the PCRA his [judgment] of sentence became final on December 21, 2013 when the period in which to file a notice of appeal expired. See Pa. R.A.P. 903(a).

On August 24, 2015, Tunstall acting pro se filed a first PCRA Petition challenging [the] legality of his sentence and raising an exception to the one year time bar for claims under the PCRA. See 42 Pa. C.S. § 9545(b). On August 31, 2015, without appointing counsel, this court issued a Notice of Intent to Dismiss Pursuant to Pa. Rule [of] Criminal Procedure 907. This court dismissed the Petition on September 23, 2015 and this appeal followed. This court in its original 1925 opinion noted that it had erred by failing to appoint PCRA counsel for [Tunstall] despite the facial untimeliness of [Tunstall]'s Petition. The Superior Court citing to Pa. R. Crim. P. 940(c) and Commonwealth v Perez, 799 A.2d 848, 851 (Pa. Super. 2002), noted defendants have a strong right to counsel on their first PCRA Petition and the Court must appoint counsel if the [d]efendant is indigent.

The Superior Court remanded the case to this court on May 26, 2016 to determine if [Tunstall] was indigent and, if so, appoint him counsel. On June 9, 2016, [Tunstall] being indigent, the Court appointed Randall T. Hetrick to represent Tunstall on his PCRA Petition. After granting defense counsel's Motion for Transcripts the Court held a PCRA conference on July 21, 2016.

At that conference, the Court determined that the issues in this matter were purely legal and gave the Parties 60 days to stipulate to certain facts, a timeline, and to submit legal argument. After a continuance, the Parties me[]t for a PCRA conference on November 29, 2016 and made oral argument to the Court. At the hearing, the Commonwealth reiterated its position that the PCRA Petition was untimely and did not qualify for any timeliness exception and the defense raised no additional argument other than what it already submitted.

This Court then issued an Order on December 12, 2016 dismissing [Tunstall]'s PCRA Petition as untimely. This Court's December 12, 2016 Order is attached hereto and incorporated herein by reference.

- 2 -

Although [Tunstall] was still represented by counsel, he filed a Notice of Appeal pro se[2] and ultimately filed a Statement of Matters Complained of on Appeal Pursuant to Pa. R. Crim. P. 1925(b) pro se.

On February 21, 2017, this Court held a status conference in which [Tunstall] appeared via video conference to determine if the Defendant wished to proceed on a pro se basis. Apparently, Attorney Hetrick had made it clear to [Tunstall] that Attorney Hetrick found there to be no merit in [Tunstall]'s appeal and would be filing a No Merit/Finley[3] Letter and withdraw. Apparently, based on this conversation [Tunstall] took it upon himself to make the pro se filings set forth above.

At the video conference on February 21, 2017, Attorney Hetrick again reiterated his position which was the appeal

_____

[2] Tunstall's pro se notice of appeal was docketed on January 19, 2017, which is more than 30 days after the entry of the December 13, 2016 order from which he appeals. See Pa.R.A.P. 903(a). However, under the "prisoner mailbox rule," which applies to all pro se legal filings by incarcerated litigants, a document is deemed filed on the date it is delivered to prison authorities or deposited in a prison mailbox. See Thomas v. Elash, 781 A.2d 170, 176 (Pa.Super. 2001). "[A]n incarcerated litigant must supply sufficient proof of the date of mailing." Id. "[A]ny reasonably verifiable evidence of the date that the prisoner deposits" the document with prison authorities is acceptable. Commonwealth v. Jones, 700 A.2d 423, 426 (Pa. 1997). The stamp on the copy of the envelope containing Tunstall's notice of appeal in the certified record bears a date of January 13, 2017, which is 31 days after entry of the December 13, 2016 order. However, the notice of appeal itself is dated January 12, 2017, and includes both a certificate of service and verification page, also dated January 12, 2017. "Where . . . the facts concerning timeliness are in dispute, a remand for an evidentiary hearing may be warranted." Id. at 426 n.3. However, because we conclude that Tunstall is not entitled to relief, we find that remand is unnecessary. See Thomas, 781 A.2d at 176 (finding that, although questions regarding timeliness of appellant's post-trial motions existed because document contained proof of service that was not notarized, remand to PCRA court for evidentiary hearing was unnecessary because appellant was not entitled to relief).

[3] Commonwealth v. Finley, 550 A.2d 213 (Pa.Super.1988) (en banc).

- 3 -

had no merit and he would be filing a No Merit/Finley Letter and withdraw. The Court then engaged [Tunstall] in a lengthy colloquy as to whether he wanted to proceed on a pro se basis and [Tunstall] indicated that he wished to do so and this Court found that [Tunstall] made a knowing, intelligent, and voluntary waiver of counsel and released Attorney Hetrick from any further obligation in this matter.

1925(a) Opinion, 2/23/17, at 2-5 (unpaginated).

Tunstall raises the following issues on appeal:

I. Did the P.C.R.A. Court err in dismissing Mr. Tunstall's Post Conviction Relief Act Petition without a hearing after the Superior Court vacated and remanded for appointment of counsel, who upon being appointed made the offer of an entirely new plea bargain to Mr. Tunstall, then upon Mr. Tunstall's refusal, counsel filed a No-Merit/Finley Letter and withdrew,[4] then the P.C.R.A. was dismissed?

II. Did the P.C.R.A. Court err in dismissing Mr. Tunstall's Post Conviction Relief Act Petition without a hearing when the sentence imposed upon Mr. Tunstall is unconstitutional, therefore illegal due to the statute found at 42 Pa.C.S.A. § 9718 being rendered void ab initio by Commonwealth v. Wolfe, 140 A.3d 651 ([Pa.] 2016) ?

III. Did the P.C.R.A. Court unreasonably apply the law to Mr. Tunstall's case when the Teague v. Lane, 488 U.S. 288 (1989) non–retroactivity standard cannot be applied to statutes that were deemed void ab initio?

Tunstall's Br. at 4 (proposed answers omitted).

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. We will not disturb

_____

[4] The certified record reflects that counsel never filed a no-merit letter.

- 4 -

findings that are supported by the record." Commonwealth v. Ousley, 21 A.3d 1238, 1242 (Pa.Super. 2011) (internal citation omitted).

Furthermore, the right to an evidentiary hearing on a PCRA petition is not absolute. Commonwealth v. Springer, 961 A.2d 1262, 1264 (Pa.Super. 2008). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." Id. (quoting Commonwealth v. Jones, 942 A.2d 903, 906 (Pa.Super. 2008)). "A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." Id.

Before we reach the merits of Tunstall's appeal, we must determine whether it has been timely filed. It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." Commonwealth v. Brown, 111 A.3d 171, 175 (Pa.Super.), app. denied, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking [] review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); see Brown, 111 A.3d at 175-76. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Tunstall's judgment of sentence became final on December 21, 2013, when the time to file a notice of appeal expired. He had one year from that date, or until December 21, 2014, to file a timely PCRA petition. Therefore, his current petition, filed on August 24, 2015, is facially untimely.

Tunstall's petition remains untimely unless it alleges and proves a PCRA time-bar exception. Tunstall invokes the new constitutional right exception.

42 Pa.C.S. § 9545(b)(1)(iii).[5]  Tunstall bases this claim on this Court's decision in Commonwealth v. Wolfe, 106 A.3d 800 (Pa.Super. 2014), which was subsequently affirmed by our Supreme Court in Commonwealth v. Wolfe, 140 A.3d 651 (Pa. 2016).  In Wolfe, the Pennsylvania Supreme Court found that 42 Pa.C.S. § 9718 was unconstitutional in light of the U.S. Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013).  140 A.3d at 663.  "[A] challenge to a sentence premised upon Alleyne . . . implicates the legality of the sentence and cannot be waived on appeal." Commonwealth v. Newman, 99 A.3d 86, 90 (Pa.Super. 2014).  However, while "illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition."  Commonwealth v. Taylor, 65 A.3d 462, 465 (Pa.Super. 2013).  Because Tunstall's petition was untimely, and he has not proven any of the exceptions to the PCRA time bar,[6] this Court lacks jurisdiction to consider the merits of his claims.

_____

[5] In his original pro se PCRA petition, Tunstall also invoked the newly-discovered fact exception.  42 Pa.C.S. § 9545(b)(1)(ii).  Tunstall based this claim on this Court's decision in Commonwealth v. Hopkins, 117 A.3d 247 (Pa. 2015).  However, it is well-settled that "subsequent decisional law does not amount to a new fact" under the PCRA.  Commonwealth v. Brandon, 51 A.3d 231, 235 (Pa.Super. 2012) (quotation omitted).

[6] The United States Supreme Court decided Alleyne on June 17, 2013. The trial court sentenced Tunstall on November 21, 2013.  Thus, the constitutional right announced by the Alleyne court was recognized prior to the end of the time period provided for by section 9545. Accordingly, Tunstall may not invoke the new constitutional right exception as an exception to the PCRA time bar.

Furthermore, because there are no genuine issues of material fact regarding the timeliness of Tunstall's petition, the PCRA court appropriately dismissed the petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/17/2017